## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CAROLYN FLOYD JOHNSON,
Appellant,

v.

DEPARTMENT OF THE ARMY,
Agency.

DOCKET NUMBER
SF-0752-22-0508-X-1

DATE: August 3, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nicole Ferree, Las Vegas, Nevada, for the appellant.

Elizabeth Bidwill, Honolulu, Hawaii, for the agency.

Lorraine Sult, Fort Stewart, Georgia, for the agency.

Everett Yates, Joint Base San Antonio: Fort Sam Houston, Texas,
for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James Woodruff II, Member

**FINAL ORDER**

On November 26, 2024, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the final order in the underlying appeal and granting the appellant's petition for enforcement. *Floyd Johnson v.*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Department of the Army*, MSPB Docket No. SF-0752-22-0508-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID); *Floyd Johnson v. Department of the Army*, MSPB Docket No. SF-0752-22-0508-I-2, Appeal File, Tab 6, Initial Decision (ID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On May 16, 2024, the administrative judge reversed the appellant's removal because he found that the agency's charges were "not sustained." ID at 21. He ordered the "agency to cancel the removal and to retroactively restore the appellant" as of July 15, 2022, within 20 days after the initial decision became final. *Id.* He ordered payment "of back pay, with interest" and adjustment of "benefits with appropriate credits and deductions" within 60 days after the initial decision became final. ID at 22. To facilitate the payments, the administrative judge ordered the agency to provide the Defense Finance Accounting Service (DFAS) with all information and documents "necessary to process payments and adjustments" due to the appellant. *Id.* Additionally, should disputes regarding payments arise, the administrative judge ordered the agency to pay any undisputed amounts of back pay. *Id.* The administrative judge also ordered the agency to inform the appellant of its actions to accomplish compliance with the administrative judge's orders and the date it believed compliance was reached. *Id.* Neither party filed an administrative petition for review, and the initial decision became the Board's final decision on June 20, 2024. ID at 24.

On September 16, 2024, the appellant filed a petition for enforcement claiming that the agency failed to comply with the final decision. CF, Tab 1 at 3. She alleged that her removal action remained in her personnel record and that she was not reinstated. *Id.* at 3-4. The appellant also claimed that as of the date of her petition for enforcement, she had received no back pay. *Id.* at 4-5.

On November 26, 2024, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement. CID at 8. The administrative judge noted that the agency offered only a single September 30, 2024 email creating a ticket with the Civilian Human Resources Agency as evidence of its compliance efforts. CID at 4-6. He found that there was no evidence that the agency made any payments to the appellant and that the agency failed to identify any persons responsible for "processing the appellant's restoration." CID at 5. The administrative judge held that the agency failed to show it made good faith efforts to comply and ordered the agency to take the actions ordered in the underlying final decision. CID at 6-7.

On December 30, 2024, the agency filed a statement of compliance. *Floyd Johnson v. Department of the Army*, MSPB Docket No. SF-0752-22-0508-X-1, Compliance Referral File (CRF), Tab 1. As the agency has submitted evidence of compliance and neither party filed an administrative petition for review, the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(c).[2]

In its statement of compliance, the agency claimed it made good faith efforts to comply with the underlying final decision. CRF, Tab 1 at 4. The agency stated that the appellant's termination was "cancelled, effective July 15, 2022," and attached a Standard Form 50 (SF-50) as evidence of the cancellation. *Id.* at 5-6. The agency explained that because the appellant's position was part of a transfer of function to the Defense Health Agency (DHA) in 2022, after cancelling her

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(b)(1).

termination, the agency transferred her to DHA. *Id.* at 5. The agency claimed DHA was preparing a memorandum for the appellant with a return-to-duty date. *Id.* Finally, the agency stated that it sent a ticket to DFAS to facilitate payment of back pay and benefits. *Id.*

On January 21, 2025, the appellant responded to the agency's compliance statement. CRF, Tab 3. She stated that the agency remained noncompliant. *Id.* at 4. The appellant claimed she was not yet reinstated or returned to duty and had received no back pay at all from the agency. *Id.*

As the agency failed to respond to the appellant's compliance challenge, on April 10, 2025, the Board ordered the agency to respond to that challenge within 14 days. CRF, Tab 5 at 3.

On June 4, 2025, the agency belatedly responded to the Board's April 10, 2025 order. CRF, Tab 6. In its response, the agency repeated the claims in its December 30, 2024 compliance statement. *Id.* at 4-5. The agency also noted that the appellant received a return-to-work date from DHS and claimed the remedy ticket concerning back pay was "still in process at DFAS." *Id.* at 5.

On February 12, 2026, the agency filed a compliance report stating it was fully compliant. CRF, Tab 7 at 4. The agency stated that the appellant was paid "full back pay and benefits with interest." *Id.* As evidence of compliance, the agency attached documents from DFAS, including pay audits, leave audits, and interest computation. *Id.* at 6-22.

The appellant did not respond to the agency's June 4, 2025 and February 12, 2026 submissions.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*,

100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

The Board's underlying final decision ordered the agency to cancel the appellant's removal and restore her to duty, to give the appellant the "appropriate credits and adjustments" to her benefits, and to pay her back pay with interest. ID at 22. The administrative judge's November 26, 2024 compliance initial decision found that the agency failed to comply with these orders. CID at 6-7.

In response to the November 26, 2024 compliance initial decision, the agency provided a SF-50 proving that it canceled the appellant's removal effective July 15, 2022. CRF, Tab 1 at 6. Although the agency's December 30, 2024 compliance statement admitted that the appellant had not yet been restored to duty, nor was she provided back pay and restoration of benefits, its most recent submissions on June 4, 2025, and February 12, 2026, address those deficiencies. *Id.* at 5. The agency provided a February 7, 2025 memorandum from DHA with the appellant's return to work date. CRF, Tab 6 at 11. Additionally, the agency provided pay audits, leave audits, and interest computation documents from DFAS concerning the owed back pay and benefits restoration. CRF, Tab 7 at 6-22.

In her last submission, the appellant claimed she was not returned to duty and had received no back pay from the agency. CRF, Tab 3 at 4. As discussed above, the agency addressed those remaining issues in its June 4, 2025 and February 12,

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

2026 compliance submissions, CRF, Tabs 6-7, to which the appellant—represented by counsel—did not respond, despite the Board expressly informing her that failure to respond might cause the Board to "assume the appellant is satisfied or concedes that the agency has complied." CRF, Tab 2 at 3. In view of the agency's evidence and the appellant's lack of response, the Board assumes she is satisfied "that the agency has complied." *Id.*

Considering the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.